IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA A. CROSS,                         )
                                        )
            Plaintiff,                  )   No. 3:12-cv-748-TC
                                        )
        v.                              )   FINDINGS & RECOMMENDATION
                                        )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income.

Plaintiff initially filed an application for supplemental security income benefits on April 1, 2005. ALJ Tielens authored the first opinion finding plaintiff not disabled in January 2008. Plaintiff appealed to this court. The Honorable Michael Hogan remanded her case, upholding the credibility determination and the

1 - FINDINGS AND RECOMMENDATION

reasons the ALJ gave for rejecting Dr. Gandler's opinion and not giving it controlling weight. His directions on remand were to conduct an analysis of lay witness testimony, evaluate whether Dr. Gandler's opinion recommending neuropsychiatric testing was appropriate, and reevaluate plaintiff's residual functional capacity. Plaintiff received a nueropsychiatric evaluation from consultive examiner Jody Guyette, Psy.D on January 22, 2011 prior to her second hearing. Plaintiff's second hearing was before a different ALJ. The ALJ issued a decision finding plaintiff not disabled. This is the final decision of the Commissioner at issue in the instant appeal.

Plaintiff was born in 1967, At step two of the sequential evaluation process, the ALJ found plaintiff had the severe impairments of fibromyalgia, depression and cannabis dependence. At step five of the sequential evaluation, the ALJ found that plaintiff was capable of performing jobs such as charge account clerk and call out operator.

Plaintiff argues that the ALJ failed to fully and properly evaluate the medical opinions and record in general. Specifically, plaintiff argues that the ALJ failed to give controlling weight to the opinion of Dr. Howard Gandler, M.D., the plaintiff's treating physician. In addition, plaintiff argues that the ALJ did not properly evaluate the testimony from lay witness Elvona Moore, plaintiff's mother.

2 - FINDINGS AND RECOMMENDATION

1. <u>The ALJ gave several clear and convincing reasons to reject the opinion of Dr. Gandler.</u>

Although Judge Hogan upheld the previous rejection of Dr. Gandler's August 2005 opinion, and the ALJ was not required by Judge Hogan's order to reevaluate Dr. Gandler's opinion regarding plaintiff's limitations, the ALJ gave additional reasons for giving Gandler's opinion little weight.

Dr. Gandler opined in August 2005 that a combination of physical and psychological impairments rendered plaintiff unable to perform work activity on a sustained and regular basis. He stated she could perform ordinary physical activity on a short term basis, but even with a high level of accommodation would likely be absent often and would probably perform at a substandard level.

Plaintiff does not argue with specificity how the second ALJ erred in his rejection of Dr. Gandler's opinion. She only cites to and quotes from the first opinion rendered by the first ALJ Tielens and Judge Hogan had already upheld the reasons provided by Tielens and that decision is not at issue in this appeal. Plaintiff fails to identify any error, let alone harmful error by the second ALJ with regard to Dr. Gandler. As such, the matter need not be considered. <u>See</u>, <u>Paladin Assocs., Inc, v. Mount Power Co.</u>, 328 F.3d 1145 1164 (9th Cir. 2003) (noting that we "ordinarily will not consider matters on appeal that are not specifically and distinctly argued ...").

3 - FINDINGS AND RECOMMENDATION

Even if this were not the case, the second ALJ provided adequate reasons, supported by substantial evidence, for rejecting the opinion of Dr. Gandler. The second ALJ gave several clear and convincing reasons for giving little weight to Dr. Gandler's opinion in addition to the reasons already given by ALJ Tielens.

The second ALJ properly gave little weight to Dr. Gandler's opinion as the ALJ found it was conclusory, was not supported by objective clinical findings, including Dr. Gandler's own, and was unreasonable in light of other evidence in the record as it was six years old and contradicted by more recent medical evidence. See Batson v. Commissioner, 359 F.3d 1190 (9th Cir. 2004); Morgan v. Commissioner, 169 F.3d 595, 601 (9th Cir. 1999)1; Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

2.  The ALJ reasonably relied upon the opinion of non-examining State agency physician J. Scott Pritchard, D.O.

Contrary to plaintiff's assertions, the ALJ's interpretation and weighing of Dr. Pritchard's opinion affirming the opinion of Jerry Collins, the State agency consultant, was reasonable and supported by the record. Dr. Pritchard's opinion adequately supports the ALJ's residual functional capacity finding. See, SSR 96-6p, Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

4 - FINDINGS AND RECOMMENDATION

Plaintiff argues that Dr. Pritchard simply "signed off " on Collins' opinion. However, this is not the case. In September 2005, Dr. Pritchard independently reviewed all of plaintiff's records and opined that she could do sedentary work, frequently lift and carry ten pounds, lift up to ten pounds occasionally, stand or walk at least two hours in an eight hour workday and sit about six hours. After reviewing the physical residual functional capacity report and medical records, Dr. Pritchard added his own notes, pointing out there was no evidence of active lupus, even accepting the diagnosis, and that there was no functional limitations associated with it. He further noted plaintiff's doctors recommended exercise to treat her fibromyalgia, not inactivity.

Although the conclusion of a non-examining expert is generally entitled to less weight than the conclusion of an examining physician, a non-examining physician's opinion may amount to substantial evidence as long as other evidence in the record supports those findings. Tonapeytan, 242 F.3d at 1149.

Here, Dr. Pritchard's opinion was consistent with the record as a whole. TR. 372, 295, 307, 333, 619, 644, 646,647, 728. As a result, the ALJ was entitled to give the findings of Dr. Pritchard significant weight.

5 - FINDINGS AND RECOMMENDATION

3.  <u>The ALJ did not err at Step Two.</u>

Plaintiff makes a passing argument in a footnote, without any argument or citation, that the ALJ erred by not finding lupus was a severe impairment at step two. As such, the claim is barely contended, unsupported by explanation or authority and it is deemed waived. <u>See</u>, <u>NW Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 923-924 (9th Cir. 1996)( party who presents no explanation in support of claim of error waives issue.)

Even if it were considered, defendant properly notes there was some question if plaintiff even had lupus and defendant demonstrates that even if the ALJ erred in not designating lupus as a severe impairment, the ALJ's residual functional capacity included all limitations supported by the record, and any such error was harmless. P.p. 10-12 of Defendant's Brief (#19).

4.  <u>The ALJ properly discounted lay witness statement from Plaintiff's mother.</u>

Plaintiff argues that the ALJ did not properly consider statements from lay witness Elvona Moore, plaintiff's mother. In order to discount competent lay testimony, "the ALJ must give reasons that are germane to each witness." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff points to a form Ms. Moore submitted indicating that plaintiff may be down all day with a headache; plaintiff sleeps a lot; Ms. Moore does laundry for plaintiff when she does

6 - FINDINGS AND RECOMMENDATION

not feel well; the only place plaintiff goes to on a regular basis is the doctor's office; plaintiff's condition affects her ability to lift, use her hands, complete tasks, concentrate and remember; and plaintiff does not handle stress well.

Plaintiff does not, however, point out specifically how the germane reasons provided by the ALJ to discount Ms. Moore's statements were invalid.

The ALJ rejected Ms. Moore's statement because it was based on plaintiff's self-described limitations, See, Valentine v. Commissioner, 574 F.3d at 694, was not supported by objective medical evidence, and was contradicted by other sources such as those reporting that plaintiff dated and socialized more than Ms. Moore reported. For these germane reasons, the ALJ properly discounted Ms. Moores lay witness statement.

## CONCLUSION

The decision of the Commissioner denying benefits should be affirmed.

DATED this 23 day of September, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION